**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANN MARIE ABRAHAM, | Case No. 1:26-cv-2030 |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK** |
| AMERICAN EXPRESS NATIONAL BANK, | |
| Defendants. | |

Defendant American Express National Bank ("American Express") hereby removes the above-captioned action pending in the Supreme Court, New York County (Index No. 151467/2026) (the "Action"), to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and as grounds for removal states as follows:

The Summons With Notice filed in the Action in the Supreme Court, New York County is attached hereto as **Exhibit A**. *See* 28 U.S.C. 1446(a).

The docket for the Action is attached hereto as **Exhibit B**.

The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by American Express pursuant to 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "An action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law." *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (1986) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust*, 463 U.S. 1, 9 (1983)). Stated differently, claims "arise under" federal law when a "well-pleaded

1

complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (quoting Franchise Tax Bd., 463 U.S. at 13, 27–28) (internal quotation marks and citations omitted).  Here, plaintiff Ann Mary Abraham ("Plaintiff") alleges a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ("FCRA"), a claim that is created by, and arises under, federal law. *See, e.g.*, Exhibit A at p. 1 (asserting a claim against American Express under the FCRA).

This Notice of Removal is timely filed because it is not being filed more than thirty days after service.  *See* 28 U.S.C. § 1446(b).  The Summons With Notice was filed on February 3, 2026, and service on American Express was effectuated on February 11, 2026.  Thus, removal is timely because American Express is filing this Summons With Notice within thirty days of service of the Complaint.

Venue is proper in this Court and division because the United States District Court for the Southern District of New York is the "district and division within which [the state] action is pending." *Id*. § 1446(a).

American Express will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, in accordance with 28 U.S.C. § 1446.

WHEREFORE, American Express hereby removes the Action from the Supreme Court of the State of New York, County of New York, on this 12th day of March 2026.

Dated: New York, New York
       March 12, 2026

STEPTOE LLP

By: */s/ Brian Kim*

    Brian Kim
    1114 Avenue of the Americas
    New York, New York 10036
    (212) 378-7593
    bkim@steptoe.com

*Counsel for American Express National Bank*

3

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 12, 2026 a copy of the foregoing **NOTICE OF**

**REMOVAL OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK** was filed

electronically and served by mail on anyone unable to accept electronic filing.  Notice of this

filing will be sent by e-mail to all parties by operation of the court's electronic filing system or

by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic

Filing.  Parties may access this filing through the court's EM/ECF System.


/s/ Brian Kim

Brian Kim